UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN STARR,

        Plaintiff,

v.                                                                              Civil Case No. 22-11401
                                                                                                                      Honorable Linda V. Parker

ST. CLAIR COUNTY
FRIEND OF COURT,

        Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND SUMMARILY DISMISSING COMPLAINT**

Plaintiff initiated this pro se action against Defendant on June 23, 2022, pursuant to 42 U.S.C. § 1983.  In his Complaint, Plaintiff claims Defendant violated his due process rights, although the pleading is devoid of facts to understand how Plaintiff claims his rights were violated.  (ECF No. 1.)  Plaintiff has filed an application to proceed in forma pauperis.  (ECF No. 2.)

District courts are required by statute to dismiss any action brought under federal law in forma pauperis if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 2007).  Plaintiff's Complaint is

subject to summary dismissal because he is suing an entity of the State of Michigan which is entitled to Eleventh Amendment immunity.

It is well-established that the Eleventh Amendment bars any suit, absent consent, against a State by its own citizens. *See Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (observing that "[t]he ultimate guarantee of the Eleventh Amendment is that non-consenting States may not be sued by private individuals in federal court."). It also is well settled that the Eleventh Amendment bars federal court actions against State agencies and departments. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam )). The Eleventh Amendment additionally bars claims against state employees in their official capacities because "a suit against a state officer in his or her official capacity is tantamount to a suit against the state itself." *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). Congress has not abrogated the Eleventh Amendment immunity of States with regard to suits under §§ 1983 or 1985. *See Quern v. Jordan*, 440 U.S. 332, 339-42 (1979); *Boler v. Earley*, 865 F.3d 391, 409-10 (6th Cir. 2017) ("Section 1983 does not abrogate Eleventh Amendment immunity."). Nor has the State of Michigan waived its immunity. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

Under the Michigan Constitution, the judiciary is a separate and independent branch of state government and thus the circuit courts of the State of Michigan are

2

arms of the State. *See Judicial Attorneys Ass'n v. Mich.*, 586 N.W.2d 894, 897-98 (Mich. 1998). Each state court is part of the "one court of justice" established by the Michigan Constitution. Mich. Const. art. VI, § 1 ("The judicial power of the state is vested exclusively in one court of justice which shall be divided into one supreme court, one court of appeals, one trial court of general jurisdiction known as the circuit court, one probate court, and courts of limited jurisdiction that the legislature may establish by a two-thirds vote of the members elected to and serving in each house"); *see Smith v. Oakland Cnty. Cir. Ct.*, 344 F. Supp. 2d 1030, 1055 (E.D. Mich. 2004). Defendant is part of the St. Clair County Circuit Court. *See* Mich. Comp. Laws § 552.503(1) (creating the office of Friend of the Court in each judicial circuit). In short, the circuit courts—and thereby the office of Friend of the Court in each judicial circuit—are part of the state government, not the county or the city. *Judges of the 74th Judicial Dist. v. Bay Cnty.*, 190 N.W.2d 219, 224 (Mich. 1971).

In summary, Eleventh Amendment immunity bars suits against arms of the state, such as the Michigan courts and, therefore, the Friend of the Court. *See, e.g., Johnson v. Wayne Cnty.*, No. 13-14331, 2013 WL 5854441, at * (E.D. Mich. Oct. 30, 2013) (dismissing the plaintiff's claims against the Wayne County Friend of the Court based on Eleventh Amendment immunity); *Merritt v. Lauderbach*, No. 12-13645, 2013 WL 1148410, at *5 (E.D. Mich. Mar. 19, 2013) (concluding that

Eleventh Amendment immunity shielded the Midland County Friend of the Court from the plaintiff's lawsuit).

Accordingly,

**IT IS ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED.**

                                                  s/ Linda V. Parker
                                                  LINDA V. PARKER
                                                  U.S. DISTRICT JUDGE

Dated: June 27, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 27, 2022, by electronic and/or U.S. First Class mail.

                                                  s/Aaron Flanigan
                                                  Case Manager